IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| United States of America, | ) | **ORDER DISMISSING MOTION TO VACATE UNDER 28 U.S.C. § 2255, DENYING MOTION TO APPOINT COUNSEL, AND DENYING MOTION FOR HEARING** |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles William Carlton, | ) | |
| | ) | Case No. 3:12-cr-119-1 |
| Defendant. | ) | |

| Charles William Carlton, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 3:19-cv-217 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is Defendant Charles William Carlton's pro se "Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241" filed on September 30, 2019. See Doc. No. 313. On October 3, 2019, the Court ordered the Clerk of Court to reclassify the motion as a motion to vacate under 28 U.S.C. § 2255. Order to Reclassify Motion, Carlton v. United States, No. 3:19-cv-216 (D.N.D. Oct. 3, 2019), ECF No. 4. Carlton also moves for the appointment of counsel and for an evidentiary hearing. See Doc. No. 316. For the reasons set forth below, the motion to vacate is dismissed, and the motions for counsel and a hearing are denied as moot.

I. **BACKGROUND**

Because the Court is not addressing the merits of Carlton's motion, only a brief synopsis of the facts of the underlying offense is necessary. On March 10, 2014, Carlton pled guilty to (1) Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances and

Controlled Substance Analogues Resulting in Serious Bodily Injury and Death (Count 1 of the Indictment); (2) Conspiracy to Cause the Introduction of a Misbranded Drug into Interstate Commerce (Count 3 of the Indictment); and (3) Money Laundering Conspiracy to Conceal and Disguise the Nature, Location, Ownership, and Control of Proceeds of Specified Unlawful Activity (Count 1 of the Information). Doc. No. 178. Carlton had "used an internet based business named Motion Resources LLC, . . . located in Houston, Texas, to facilitate the unlawful importation of controlled substance analogues from various countries," which he and the company would "then unlawfully distribute[] all over the United States." Doc. No. 175, p. 14. According to the factual basis in the plea agreement, the distribution of N-(2-methoxybenzyl)-4-iodo-2,5-dimethoxyphenethylamine, also known as 2C-I-NBOMe or 25I-NBOMe, resulted in the following deaths and serious bodily injury:

(1) The death of C.A.B. in Grand Forks, North Dakota, on June 11, 2012;

(2) Serious bodily injury to C.L.J. in Grand Forks on June 11, 2012; and

(3) The death of E.R.S. in East Grand Forks, Minnesota, on June 13, 2012.[1]

Doc. No. 175, p. 7. On August 28, 2014, Carlton was sentenced to concurrent terms of 246 months' imprisonment on Count 1 of the Indictment, 36 months' imprisonment on Count 3 of the Indictment, and 240 months' imprisonment on Count 1 of the Information. Doc. No. 241. Carlton did not appeal within fourteen days of the entry of judgment (September 3, 2014).

More important to the Court's analysis in this order is what has transpired since the judgment became final, as this is not the first § 2255 motion that Carlton has filed. On August 17, 2015, Carlton filed a § 2255 motion raising several claims of ineffective assistance of counsel.

---

[1] E.R.S. was found unresponsive and was transported to a hospital on June 13, 2012, but he died two days later. Doc. No. 232, ¶ 18.

Doc. No. 257. The United States filed a 61-page response in opposition on April 18, 2016. Doc. No. 288. On August 30, 2016, Carlton moved to withdraw his § 2255 motion pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. Doc. No. 290. The motion stated, "Counsel and Mr. Carlton have had numerous discussions regarding his Motion to Vacate and his decision to withdraw. Mr. Carlton is aware of the consequences of withdrawing his motion and the time limits for filing motions pursuant to § 2255." Id.

> In an attached affidavit, Carlton stated in relevant part:
>
> 2. Mr. Vickers and I have had numerous conversations regarding my rights and the facts regarding my § 2255 claim and I am satisfied with Mr. Vickers' representation.
>
> 3. Although sometimes difficult to set up communication, over the past year Mr. Vickers and I have reviewed the applicable law, the facts of the case, and I have reviewed a brief Mr. Vickers drafted in Reply to the Government's Response to my § 2255 motion.
>
> 4. I have discussed my right to continue forward in this process and the consequences of withdrawing my motion.
>
> 5. After much consideration and upon the advice of my counsel Mr. Vickers I am requesting the court withdraw my Motion to Vacate, Set Aside, or Correct and close these proceedings.

Doc. No. 290-1. On September 2, 2016, then Chief District Judge Ralph R. Erickson granted Carlton's motion to withdraw, explaining only that "Carlton indicates that he has spoken with his attorney numerous times and that he is aware of the consequences of withdrawing his motion." Doc. No. 291.

Carlton now brings the instant § 2255 motion, alleging that he is innocent of causing the deaths of C.A.B. and E.R.S. and the serious bodily injury to C.L.J. Doc. No. 313. Specifically, he argues that "[n]o evidence in the record supports conclusively that the drug distributed by

Petitioner (25I-NBOMe) was the 'but-for' caus[e] in the deaths of [C.A.B.] and [E.R.S.] as well as the serious bodily injury to [C.L.J.]"[2] Id. at 7.

In an attached "Affidavit of Truth," Carlton explains why he did not raise the actual innocence issue before and during sentencing and why he dismissed his prior § 2255 motion:

> I was advised by my Court appointed trial Counsel, Alexander Reichart [sic], before and during sentencing, that asserting the argument of "actual innocence" might prevail but the resulting Guideline calculation of the underlying offense for drug distribution would be comparable and it would also be detrimental to the Plea Bargaining Process.
>
> I was advised by my Court appointed appellate [technically habeas] Counsel, Stormy Vickers, that if I was to prevail on my 28 USC §2255 Motion for "Actual innocence", my Guideline calculation for the drugs would be comparable and could possibly expose me to an even greater sentence.

Doc. 313-2. Similarly, in his brief in support of the instant motion, Carlton explains that he withdrew the prior motion because "Counsel advised Petitioner that even if Petitioner could possibly prevail on his §2255 Motion for actual innocence, he was unlikely to receive a reduction in sentence due to the quantity of drugs involved." Doc. 313-1, p. 1.

## II. DISCUSSION

The Court converted the instant motion from one brought under § 2241 to one brought under § 2255 because it challenges Carlton's conviction and sentence for Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances and Controlled Substance Analogues Resulting in Serious Bodily Injury and Death. Whereas § 2241 is the proper vehicle for challenging the execution of a sentence, a challenge to a conviction and/or the imposition of a sentence is properly brought under § 2255. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003); see also Charles v. Chandler, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam). The savings

---

[2] In so arguing, Carlton relies on Burrage v. United States, 571 U.S. 204, 206 (2014), which was decided on January 27, 2014—approximately one-and-a-half months before his guilty plea. See Doc. No. 313-1, pp. 9–11.

clause of § 2255(e) does allow a prisoner to collaterally challenge his or her original conviction or sentence under § 2241 but only if the remedy provided by § 2255 is "inadequate or ineffective." 28 U.S.C. § 2255(e). Carlton asserts that § 2255's exclusive remedy is "inadequate or ineffective" because a § 2255 motion would be time-barred, Doc. No. 313, p. 5, but case law makes clear that the expiration of the one-year statute of limitations does not make § 2255 an "inadequate or ineffective" remedy. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). Instead, Carlton must show that he never had "an unobstructed procedural opportunity to raise his claim" of actual innocence, which he has not done. See Abdullah v. Hedrick, 392 F.3d 957, 960 (8th Cir. 2004). Thus, the Court construes his motion as a § 2255 motion.

Because the instant motion is a second-in-time § 2255 motion, the Court must determine whether the motion qualifies as "second or successive" as that term is understood in the context of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). If a district court determines that a § 2255 motion is "second or successive," the motion must be certified by the appropriate court of appeals before the district court may reach the merits of the motion. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). Carlton has not obtained authorization from the Eighth Circuit Court of Appeals to file this motion, so this Court may only consider his motion if it is not "second or successive."

AEDPA does not define what constitutes a "second or successive" motion, but case law provides guidance. "Courts have uniformly rejected a literal reading of the phrase ['second or successive']," Thai v. United States, 391 F.3d 491, 494 (2d Cir. 2004) (per curiam), so the fact that the instant motion is numerically the second one filed by Carlton is not dispositive. Initial § 2255 motions will count when they were adjudicated on the merits or denied because the claim raised was procedurally defaulted. Id. at 494–95 (citations omitted). "In contrast, an initial petition that

5

is dismissed without prejudice because it contains curable procedural defects or because it presents unexhausted claims is not a first petition for purposes of §§ 2244 and 2255." Id. at 495; see also Haro-Arteaga v. United States, 199 F.3d 1195, 1196 (10th Cir. 1999) (listing types of cases that have been held not to be subject to the gatekeeping restrictions of § 2255).

The analysis is more complicated in situations like the one at hand in which the defendant voluntarily dismissed his first § 2255 motion. The circuits that have dealt with the question of voluntary dismissals[3] have "conclude[d] that the reasons for which a petitioner withdraws a § 2255 petition should govern the analysis of whether that petition counts for successive purposes, at least where the reasons for withdrawal are reasonably discernible." Thai, 391 F.3d at 495. For example, in Felder v. McVicar, 113 F.3d 696, 698 (7th Cir. 1997), the Seventh Circuit held that a § 2255 motion was "second or successive" where the motion to dismiss the initial motion stated that habeas counsel was unable to obtain affidavits from two eyewitnesses and thus would be unable to sustain the petitioner's burden of proof. The court reasoned:

> This is an admission of defeat; and a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits.

Id.

A voluntary dismissal will also count, however, where there is an implicit concession of defeat that can be discerned from the circumstances surrounding the dismissal. That was the situation in another Seventh Circuit case, Potts v. United States, 210 F.3d 770 (7th Cir. 2000), which bears a striking similarity to Carlton's case. Potts moved to withdraw his initial motion after the Government filed a detailed response in opposition and he conferred with his lawyers

---

[3] It appears that the Eighth Circuit has not directly addressed this issue.

about the merits of his claims in light of the Government's arguments.  Id. at 770.  The court determined that Potts's motion was also "second or successive":

> Potts was assisted by counsel, filed a competent motion, and then appears to have realized (though unlike Felder he did not acknowledge) that in light of the government's brief in opposition, the motion was doomed.  In these circumstances, it would be unrealistic to treat the dismissal as tantamount to a refusal to accept a filing because of formal deficiencies.  He had his opportunity to receive a decision on the merits; he flinched, seeing the handwriting on the wall.

Id. at 771.  The Second and Tenth Circuits have applied similar reasoning.  See Thai, 391 F.3d at 496 (noting that the timing of the withdrawal—after a detailed Government brief in opposition was filed—suggested the petitioner knew his motion was doomed, but choosing not to make any inferences since the petitioner was unrepresented and not proficient in English); United States v. Rejda, No. 19-8015, 2019 WL 5212609, at *4 (10th Cir. Oct. 16, 2019) (unpublished per curiam) ("[T]he timing of his motion for voluntary dismissal clearly and objectively indicates that [the petitioner] had concluded his motion was doomed.").

The Court finds the reasoning of the Second, Seventh, and Tenth Circuits persuasive here.  The fact that Carlton did not explicitly concede in his motion to withdraw that his initial § 2255 motion was meritless is not dispositive.  The circumstances behind the withdrawal suggest that like Potts and Rejda, Carlton "flinched, seeing the handwriting on the wall."  Rejda, 2019 WL 5212609, at *5 (quoting Potts, 210 F.3d at 771).  The record from Carlton's initial § 2255 proceedings shows that he moved to withdraw his motion only after reviewing the Government's thorough 61-page response and his counsel's proposed reply brief and discussing the merits of his motion with counsel.  Unlike Thai, Carlton was represented by counsel and proficient in the English language.  Thus, the Court can infer from the timing of the withdrawal that he had drawn a particular conclusion about the viability of his claims.

The fact that Judge Erickson did not state in his order that the dismissal was with prejudice does not change the outcome. Under Rule 41(a)(2), the dismissal order's silence would mean that the dismissal is deemed to be without prejudice. Id. In Rejda, however, the Tenth Circuit concluded that complete reliance upon Rule 41(a)(2) in the § 2255 context was inappropriate:

> [T]he Federal Rules of Civil Procedure "may be applied" to § 2255 proceedings only "to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing § 2255 Proceedings]." And our consideration of the entirety of the circumstances surrounding a voluntary dismissal of a § 2255 motion, in determining whether it counts as a first such motion, counsels against applying this aspect of Rule 41(a)(2) to the exclusion of other relevant factors.

Id. (second alteration in original) (internal citations omitted). At least one other district court has agreed. See Bligen v. United States, No. 2:10-cr-278-PMD, 2016 U.S. Dist. LEXIS 29120, at *2–3 (D.S.C. Mar. 8, 2016). Here, the dismissal order's silence does not outweigh the circumstances behind the dismissal. Consequently, Carlton's instant § 2255 motion is "second or successive," and he has failed to obtain the required authorization from the Eighth Circuit.

Having determined that the § 2255 motion is "second or successive," the Court may either dismiss the motion for Carlton's failure to obtain authorization or transfer the motion to the Eighth Circuit. See United States v. Carranza, 467 F. App'x 543, 543 (8th Cir. 2012) (per curiam). In the exercise of its discretion, the Court determines that dismissal is appropriate.

## III. CONCLUSION

After carefully reviewing the entire record and the relevant law, the Court finds that Carlton's motion is a "second or successive" motion under 28 U.S.C. § 2255, filed without first obtaining authorization from the Eighth Circuit under 28 U.S.C. § 2255(h). Accordingly, the Court issues the following **ORDER**:

1) Carlton's motion to vacate under 28 U.S.C. § 2255 (Doc. No. 313) is **DISMISSED**.

2) Carlton's motion for the appointment of counsel and for an evidentiary hearing (Doc. No. 316) is **DENIED as moot**.

3) The Court certifies that an appeal from the dismissal of this motion may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

4) Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, a certificate of appealability will not be issued by this Court. Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520–22 (8th Cir. 1997). If the defendant desires further review of his motion, he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED.**

Dated this 20th day of November, 2019.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court